NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

FEB 28 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| BLANCA LUBIA PANGAN GONZALEZ DE RUIZ; et al., <br><br> Petitioners, <br><br> v. <br><br> MERRICK B. GARLAND, Attorney General, <br><br> Respondent. | No.    18-70265 <br><br> Agency Nos.    A208-742-060 <br> A208-742-061 <br> A206-806-289 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 21, 2023[**]

Before:  OWENS, LEE, and BUMATAY, Circuit Judges.

Blanca Lubia Pangan Gonzalez de Ruiz, her daughter, Blanca Yesenia Ruiz

Pangan, and her son, Riwaldo De Jesus Ruiz Pangan, petition for review from the

Board of Immigration Appeals' ("BIA") dismissal of the Immigration Judge's

("IJ") denial of their applications for asylum, withholding of removal, and

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

Convention Against Torture protection ("CAT"). Petitioners are natives and citizens of Guatemala. Blanca Yesenia is a derivative on Blanca Lubia's application, and Riwaldo's application was consolidated with his mother's. The BIA denied their applications because they did not show a well-founded fear of persecution or that the Guatemalan authorities would be unable or unwilling to control their persecutor. As the parties are familiar with the facts, we do not recount them here. We have jurisdiction under 8 U.S.C. § 1252 and deny the petition for review.

We review the BIA's factual findings for substantial evidence. *Bringas-Rodriguez v. Sessions*, 850 F.3d 1051, 1059 (9th Cir. 2017) (en banc). Under this standard, the agency's action should be upheld unless "any reasonable adjudicator would be compelled to conclude to the contrary." *Id.* (citation omitted).

1. To qualify for asylum or withholding of removal, the petitioner must show, among other things, past persecution or a fear of future persecution committed by the government or "forces that the government was [or is] unable or unwilling to control." *Velasquez-Gaspar v. Barr*, 976 F.3d 1062, 1064 (9th Cir. 2020) (citation omitted). Where the persecutor is not affiliated with the government, we examine "all relevant evidence in the record" to determine if the government is unable or unwilling to control the persecutor. *Bringas-Rodriguez*, 850 F.3d at 1069 (citation omitted).

2

Substantial evidence supports the BIA's holding "that the record does not establish that the authorities would be unable or unwilling to protect" petitioners. In the over two decades during which Blanca Lubia was living with her abusive and alcoholic husband, it appears that she reported his beatings to the police only once. On that occasion, the police immediately returned with her to her home in the middle of the night and arrested her husband for drunkenness. He was released the next day and was not charged. While the record is arguably unclear on this point, both the IJ and BIA found that Blanca Lubia did not make any further police reports because, according to her testimony, her husband threatened to kill her if she did. Even if there was a second report, there is no evidence in the record as to how the police responded. Nor did Riwaldo report his father's abuse of his mother or himself. The State Department Human Rights Reports submitted by petitioners state that police often do not respond to domestic violence complaints and convictions for intrafamily violence are rare, but also that legal protections exist and the government is working to provide services for survivors of domestic violence.

Considering the positive police response after the only undisputed report, the lack of any indication that the police would not assist if called again, and the legal protections and services discussed in the country reports, it was reasonable for the BIA to decide that the authorities were able and willing to protect petitioners. That

3

the government arrested a persecutor does not necessarily imply that it is able and willing to protect the petitioner. *See J.R. v. Barr*, 975 F.3d 778, 781-84 (9th Cir. 2020). But here, the fact that the police arrested and briefly detained Blanca Lubia's then-husband and did not express any unwillingness to assist in the future strongly supports the BIA's decision. And although the Human Rights Reports cut both ways by identifying some of Guatemala's failures in controlling domestic abusers, they also highlighted ways in which Guatemala protects women from domestic violence. *See Velasquez-Gaspar*, 976 F.3d at 1064-65 (discussing the 2014 State Department Guatemala Human Rights Report—very similar to the reports in this record—and holding that the report suggests that the government is able and willing to protect women from domestic violence).

Thus, "we cannot say that the record compels a finding contrary to the agency's." *Velasquez-Gaspar*, 976 F.3d at 1065 (upholding the BIA's decision that the Guatemalan government was able and willing to protect a survivor of domestic violence who had not reported her abuse to the police). Accordingly, petitioners are not eligible for asylum or withholding. *Id.*

2. CAT is only available if the petitioner shows a clear probability of torture by or "with the consent or acquiescence of" government officials. *B.R. v. Garland*, 26 F.4th 827, 844 (9th Cir. 2022) (quoting 8 C.F.R. § 1208.18(a)(1)). Because petitioners did not show that Guatemalan authorities would be unable or

4

unwilling to protect them, they cannot show a clear probability of torture with the acquiescence of the government.  Thus, we similarly uphold the BIA's denial of CAT protection.

**PETITION DENIED.**